IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE LORA,

    **Petitioner,**

    v.                                  CASE NO. 2:10-CV-00677
                                          CRIM. NO. 2:97-CR-101(5)

UNITED STATES OF AMERICA,        JUDGE SMITH

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, Jose Lora, a federal prisoner, brings this action to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

## PROCEDURAL HISTORY

On October 28, 1997, petitioner, along with various co-defendants, was charged in a 114 count superseding indictment, with various drug offenses. Doc. #45. While represented by counsel, petitioner proceeded to jury trial, and on May 29, 1998, petitioner was found guilty of conspiracy to distribute more than five kilograms of cocaine, use of a telephone to facilitate the commission of the conspiracy (two counts), and possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§846, 843(b),

841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. §2. Doc. #212. On October 29, 1998, the Court sentenced petitioner to 288 months imprisonment and five years supervised release. Doc. #289. On March 29, 2000, the United States Court of Appeals for the Sixth Circuit affirmed petitioner's convictions and sentence. *United States v. Lora*, No. 98-4354, 210 F.3d 373, unpublished, 2000 WL 353742 (6th Cir. March 29, 2000). On April 21, 2000, the mandate issued. Doc. #316. On May 9, 2002, petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. On August 27, 2003, the Court dismissed that motion as time-barred. Doc. No. 334.

On July 28, 2010, petitioner filed the instant "Rule 60(b) Motion" in which he seeks to "vacate, set aside or correct [his] sentence." Doc. No. 358. Petitioner asserts that his sentence improperly was enhanced for his leadership role in the offense and he was denied the effective assistance of trial and appellate counsel for failing to challenge the legality of his sentence.[1] This action, although couched as one made under Federal Rule of Civil Procedure 60(b), plainly constitutes a successive petition.

> Rule 60(b) is a rule of civil procedure, not criminal procedure. Generally, Fed.R.Civ.P. 60(b) is not applicable to criminal proceedings. *United States v. Bender*, 2004 WL 898721 (6th Cir. April 26, 2004); *United States v. Diaz*, 2003 WL 22434557 (6th Cir.Oct.24, 2003); *United States v. Hart/Cross*, 230 F.3d 1360 (Table, text at 2000 WL 1359639 (6th Cir. Sept.15, 2000); *Williams v. United States,* 149 F.3d 1185 (Table, text at 550 N.W.2d 737, 1996 WL 384320 (6th Cir. June 18, 1998)); *United States v. Worthy*, 142 F.3d 438 (Table, text at 1998 WL 136208 (6th Cir. March 18, 1998)); *United States v. Davis*, 930 F.3d 919

---

[1] Petitioner raised these same claims in his prior §2255 motion. *See* Doc. No. 326.

> (Table, text at 1991 WL 52900 (6th Cir. April 10, 1991)); accord *United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998) (*per curiam*).

*United States v. Cabero*, 2005 WL 1484669 (E.D. Tenn. June 21, 2005); *see also United States v. Charles*, 37 Fed.Appx. 758, 2002 WL 1334764 (6th Cir. June 17, 2002)("Rule 60(b) is not applicable to criminal proceedings"), citing Fed.R.Civ.P. 1; *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998). 28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2255 motion unless authorized by the Court of Appeals for the Sixth Circuit.

The Court of Appeals, in turn, will issue this certification only if petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty.  28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims*, *supra*:

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244 authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2nd Cir. 1996)(*per curiam*).

Therefore, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make

a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp<br>United States Magistrate Judge