**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**-v-**                                                         **Case No.: 2:97-CR-101(5)
JUDGE SMITH**

**JOSE A. LORA,**

                                                              *Date of Original Judgment:*
    **Defendant.**                                  *November 2, 1998*

**ORDER**

      This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 386). Defendant Jose Lora has also filed a *pro se* Motion to Modify his Sentence pursuant to 18 U.S.C. §3582 (Doc. 380), and a Motion to Appoint Counsel (Doc. 379). Defendant was sentenced on October 29, 1998, to a total of 288 months imprisonment, five years of supervised release, and $400 in special assessments, following his conviction at trial of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count 1); two counts of use of a telephone to facilitate the commission of the conspiracy, in violation of 21 U.S.C. § 843(b) (Counts 95 and 105); and one count of possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. § 2 (Count 110). Defendant's advisory sentencing guideline range was 235 to 293 months, based on an offense level 38 and criminal history category I.

      On November 1, 2014, the United States Sentencing Commission promulgated Guideline

Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11.  Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing Commission's eligibility requirements for the retroactive application of Amendment 782 to his case.  After considering the original guideline range, the extent of any downward departure, the circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence from 288 months to 230 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court.  *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).  In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable.  *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that Defendant's offense level should be reduced from a 38 to a 36, which yields a new advisory guideline range of 188 to 235 months.  Therefore, a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range.  The sentence of 288 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 230 months.  Under Amendment 782, Defendant's release date shall be no earlier than November 1,

2015.  Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Documents 379, 380, and 386 from the Court's pending motion's list.

**IT IS SO ORDERED.**

   */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:    April 16, 2015*

*Effective Date: November 1, 2015*